IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAIICHI SANKYO, INC. and GENZYME CORPORATION, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | C.A. No. 10-32 (NLH) (AMD) CONSOLIDATED |
| IMPAX LABORATORIES, INC., | ) ) | |
| Defendant. | ) | |
| DAIICHI SANKYO, INC. and GENZYME CORPORATION, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. 11-74 (NLH) (AMD) |
| WATSON PHARMACEUTICALS, INC., WATSON PHARMA, INC. and WATSON LABORATORIES, INC. (NV), | ) ) ) ) ) | |
| Defendants. | ) | |
| DAIICHI SANKYO, INC. and GENZYME CORPORATION, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. 11-345 (NLH) (AMD) |
| WATSON PHARMACEUTICALS, INC., WATSON PHARMA, INC., and WATSON LABORATORIES, INC. (NV), | ) ) ) ) ) | |
| Defendants. | ) | |

## STIPULATED PROTECTIVE ORDER

Plaintiffs Daiichi Sankyo, Inc. ("Daiichi Sankyo") and Genzyme Corporation ("Genzyme") and Defendants Impax Laboratories, Inc. ("Impax"), Lupin Ltd., Lupin Pharmaceuticals, Inc. (collectively "Lupin"), Glenmark Generics Inc., USA, Glenmark Generics

Ltd., Glenmark Pharmaceuticals, Ltd. (collectively "Glenmark"), Watson Pharmaceuticals, Inc., Watson Pharma, Inc. and Watson Laboratories, Inc. (NV) (collectively "Watson") stipulate, subject to approval of this Court, that the terms and conditions of this Stipulated Protective Order ("Order") shall apply to and govern deposition transcripts, documents and tangible things produced in response to requests for production, answers to interrogatories, responses to requests for admissions and all other discovery taken pursuant to the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware and the Federal Rules of Civil Procedure, and other information produced by the parties or by third parties, which the disclosing party designates as "Confidential" or "Highly Confidential" and

It is hereby ORDERED:

## I. DESIGNATION OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION

A. Any party or third party ("producing or designating party") shall have the right to designate as "Confidential" any information or thing that the producing or designating party in good faith believes constitutes or contains proprietary or confidential trade secret, technical, business, or financial information.

B. Any party or third party may further designate its "Confidential" information as "Highly Confidential" provided that the producing or designating party in good faith believes the information or materials constitute or contain (i) confidential and/or proprietary information pertaining to marketing, sales, revenues, profits, forecasts, or business plans or strategies for any existing products or products in development; (ii) past, current or future products other than for colesevelam-containing drug products; and (iii) past, current or future plans regarding treatment indications for colesevelam-containing drug products other than the treatment indications for which FDA approval is or has been sought. Use of this highly

restrictive designation is limited to information of the highest competitive sensitivity that falls within the express definitions above, and producing or designating parties will use reasonable care to avoid designating any documents or other information as "Highly Confidential" for which the producing or designating party does not have a good faith belief that the documents or information satisfy the criteria set forth in this paragraph.

    C. Designation of documents or other materials or information as "Confidential" or "Highly Confidential" shall be made by stamping the documents or materials with the words "Confidential" or "Highly Confidential" at the time of production of the documents or other materials to counsel for the receiving party.

    D. Portions of deposition, hearing, or trial transcripts may be designated "Confidential" or "Highly Confidential" by any party or third party either: (a) during the deposition or hearing, in which case, the transcript of the designated testimony shall be bound in a separate, sealed volume and marked "Confidential" or "Highly Confidential" by the reporter; or (b) after receipt of the transcript, in which case, a separate transcript marked "Confidential" or "Highly Confidential" shall be requested by the producing or designating party. In the event persons are present at any deposition or hearing during which a "Confidential" or "Highly Confidential" designation is made with respect to the answer(s) to any question(s) who any party in good faith believes would not be permitted under paragraph II to view the answer(s) once transcribed, such person(s) shall be excluded from the deposition or hearing during the answer(s) to such question(s).

    E. The designation of "Confidential" or "Highly Confidential" information pursuant to this Order shall not be construed as a concession by any party that such information is relevant or material to any issues or is otherwise discoverable.

F. If any producing or designating party produces "Confidential" or "Highly Confidential" information that has not been designated as such or not correctly designate, the producing or designating party may designate or redesignate the information to the same extent as it may have designated the information before production, by a subsequent notice in writing specifically identifying the redesignated information, in which event the parties shall henceforth treat such information in accord with this Order and shall undertake their best efforts to correct any disclosure of such information contrary to the redesignation, including retrieving any documents from persons not qualified to receive them under the redesignation and informing such persons that they should not further use or disseminate the information thereon. No demonstration or proof of error, inadvertence, or excusable neglect by the producing or designating party shall be required for such redesignation.

G. The inadvertent or unintentional disclosure by the producing or designating party of "Confidential" or "Highly Confidential" information which it believes should have been designated as "Confidential" or "Highly Confidential" regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating to or on the same or related subject matter. Upon discovery of an inadvertent or unintentional disclosure by the producing or designating party, counsel for the parties shall cooperate and take reasonable steps to restore the confidentiality of the inadvertently disclosed information. The parties shall make all designations of "Confidential" or "Highly Confidential" information in good faith and shall not knowingly include any information (or shall promptly withdraw any designation with respect to information) which:

(1) at the time of the disclosure is available to the public; or

(2) after disclosure becomes available to the public not in violation of this Order; or

(3) the receiving party can show:

(a) was already known to the receiving party; or

(b) was independently developed by the receiving party; or

(c) was received by the receiving party, after the time of disclosure hereunder, from a third party having the right to make such disclosure.

H. In the event that a party seeks discovery from a non-party to this litigation, the non-party may invoke the terms of this Order with respect to any "Confidential" or "Highly Confidential" information provided to the parties by the non-party by so advising all parties to this suit in writing.

## II. RESTRICTIONS ON DISCLOSURE OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION

A. Except under further order of this Court, or by express written consent of counsel, "Confidential" information furnished in this action by any of the parties or non-parties referred to in paragraph I (A) shall be used or disclosed by the receiving party solely for the purposes of prosecuting or defending this action, and shall not be disclosed by the recipient to any person other than:

(1) The Court;

(2) Outside counsel for each party having signed this order, members and associates of their firms and employees of those firms actively engaged in this case;

(3) Three designated in-house attorneys employed by the receiving party and their clerical staff members (including paralegals), subject to the procedures outlined in paragraph II (I), who have a need to know "Confidential" information to fulfill their duties and responsibilities in connection with this litigation, provided such

persons are not involved in advising their respective companies on pricing or product design for any colesevelam product, and the designated in-house attorneys for the parties being as follows:

For Daiichi Sankyo: Arthur Mann

For Genzyme: Genzyme reserves the right to designate in-house attorneys at a later date if and when needed.

For Impax:

For Glenmark: Glenmark reserves the right to designate in-house attorneys at a later date if and when needed.

For Watson: Matthew Brady, Amy Hulina, and Matthew McWilliams.

(4) Dr. Vipin Dhanorkar who is employed by Lupin and his clerical staff members (including paralegals), subject to the procedures outlined in paragraph II (I), who has a need to know "Confidential" information to fulfill his duties and responsibilities in connection with this litigation, provided that Dr. Dhanorkar submits an affidavit attesting that he is not involved in competitive decisionmaking, including, for example, such as product pricing or product design, with respect to the colesevelam hydrochloride products;

(5) Outside experts and outside consultants retained in this action (including individuals acting under the direction of the outside expert or outside consultant), subject to the procedures outlined in paragraph II (I);

(6) Third-party contractors involved solely in providing litigation support services to outside counsel, including translators, interpreters, graphics and trial consultants, and document imaging and database consultants;

(7) Any court reporter or typist recording or transcribing testimony in this action and any outside independent reproduction firm;

(8) Such other individuals as the parties may stipulate.

B. Except under further order of this Court, or by express written consent of counsel, "Highly Confidential" information furnished in this action by any of the parties or non-parties referred to in paragraph I (B) shall be subject to the same restrictions as Confidential

information set forth in paragraph II (A), except that it may be disclosed, summarized, described, revealed or otherwise made available in whole or in part and otherwise in accordance with the terms of this Order only to the persons identified in II (A)(1)-(2) and (5)-(8).

      C.    All "Confidential" and "Highly Confidential" information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided. For the avoidance of doubt, the "Confidential" or "Highly Confidential" information shall only be used in connection with this litigation and no other litigation and shall not be used in any other proceeding or citizen's petition before any federal, state, or foreign agency, including but not limited to the U.S. Food and Drug Administration and/or the United States Patent and Trademark Office, without the express written consent of the producing or designating party. Also for the avoidance of doubt, information derived from "Confidential" and "Highly Confidential" information, including summaries, digests, analyses, and other records of such information and any testing or test results of product samples shall contain the same designation as the information from which it was derived, shall also be used only for purposes of this litigation, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided. All produced "Confidential" or "Highly Confidential" information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

      D.    "Confidential" or "Highly Confidential" information produced by a producing or designating party may be disclosed to a 30(b)(6) witness on behalf of, or any current employee of, that producing or designating party in the course of his or her deposition

or testimony in this action. "Confidential," or "Highly Confidential" information of a producing or designating party may also be disclosed to potential witnesses in this action (including but not limited to those who were formerly directors, officers, employees or experts of the producing or designating party) and their counsel, provided that the information was authored by, created by, addressed to, received by, signed by or is otherwise established to have been known to the witness, but only at deposition or trial.

   E. The recipient of any "Confidential" or "Highly Confidential" information provided pursuant to this Order shall maintain such information in a secure and safe area and shall exercise due and proper care with respect to its storage, custody and use.

   F. Unless otherwise ordered by this Court or agreed to by the parties, all documents and deposition transcripts containing "Confidential" or "Highly Confidential" designations filed with this Court or any other court shall be filed pursuant to CM/ECF procedures. In the event that any "Confidential" or "Highly Confidential" information is used in any court proceeding in connection with this litigation, it shall not lose its status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

   G. Nothing in this Order shall restrict use or disclosure by a producing or designating party of "Confidential" or "Highly Confidential" information once the party whose counsel designated the underlying or constituent matter as "Confidential" or "Highly Confidential" removes or agrees to remove such designation.

   H. Nothing in this Protective Order shall preclude a producing or designating party from disclosing to anyone or using in any way its own "Confidential" or "Highly Confidential" information.

I. Before any disclosure of "Confidential" information of a producing or designating party is made to an individual pursuant to paragraph II (A)(3)-(4), such individuals shall execute and give to all parties an undertaking in the form attached as Exhibit A. Before any disclosure of "Confidential" or "Highly Confidential" information of a producing or designating party is made to an individual pursuant to paragraph II (A)(5), the receiving party shall first give written notice to the producing or designating party by e-mail, personal service, facsimile or overnight courier. Such notice shall include a copy of the individual's resume or curriculum vitae and an undertaking by such individuals in the form attached as Exhibit A. No "Confidential" or "Highly Confidential" information shall be disclosed to any individual under paragraph II (A)(5) until written approval is obtained from counsel for the producing or designating party or until after the expiration of five (5) business days. If, during the five (5) business days, the party giving notice receives a written objection from the disclosing party stating the specific bases for objection, there shall be no disclosure of "Confidential" or "Highly Confidential" information to the individual identified in the notice except as agreed by the parties or by further order of the Court. Prior to seeking resolution by the Court of any disagreement as to the matters within the scope of this Protective Order, the parties shall meet and confer in good faith within 10 business days of receipt of the written objection in an effort to resolve such disagreement, and, failing resolution, the party seeking disclosure shall present the dispute to the Court.

### III. DISPUTES AND REMEDIES

A. In the event of any accidental or inadvertent disclosure of "Confidential" or "Highly Confidential" information, other than in a manner authorized by this Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of the

unauthorized disclosure, identify all persons who received such "Confidential" or "Highly Confidential" information, and make every effort to prevent the further unauthorized disclosure, including retrieving all copies of the "Confidential" or "Highly Confidential" information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the "Confidential" or "Highly Confidential" information in any form. Compliance with the forgoing shall not prevent the disclosing party from seeking further relief from the Court.

    B. The production of any documents governed by this Order shall be without prejudice to any claim by the producing or designating party, or producing or designating third party, that the document is privileged or protected from discovery as work-product within the meaning of Fed. R. Civ. P. 26; and no party or third person shall be held to have waived any of its rights under Fed. R. Civ. P. 26 by such production. If, after documents are produced, a claim of privilege or work-product is subsequently made, the receiving party shall take reasonable steps to ensure that all reasonably accessible and known copies of any such documents are promptly destroyed or returned to the producing or designating party. If data or information has been extracted from a document which is subsequently returned, to the extent possible, the information and/or data will be expunged and not used. If the receiving party thereafter wishes to challenge the claim that the information would have properly been subject to a privilege or immunity before it was inadvertently produced, it must notify the producing or designating party of its challenge within five (5) business days of receiving the notice of inadvertent production, and move the Court for a ruling on the propriety of the claim of privilege or immunity within ten (10) business days of receiving notice of the inadvertent production. During the pendency of such motion, the receiving party shall make no other use or disclosure of the subject material or the information contained therein.

C. Nothing in this order shall prejudice the right of any party to bring before this Court any questions as to whether any particular document(s) or deposition transcript(s) should be or should not be filed under seal, or designated "Confidential" or "Highly Confidential." A party shall not be obligated to challenge the propriety of any designation of "Confidential" or "Highly Confidential" information at the time the designation is made and failure to do so shall not preclude a subsequent challenge to the designation.

D. Nothing herein shall prevent any party or non-party from seeking additional relief from the Court not specified in this Order, or from applying to the Court for further or additional Orders.

E. In the event anyone shall violate or threaten to violate any term of this Order, the parties agree that the aggrieved party may immediately apply for relief against any such person violating or threatening to violate any of the terms of this Order and, in the event that the aggrieved party shall do so, the respondent person subject to this Order shall not employ as a defense thereto that the aggrieved party possesses an adequate remedy at law. The parties and any other person subject to this Order agree that the United States District Court for the District of Delaware has jurisdiction over the person and party.

## IV. DURATION AND TERMINATION OF THIS ORDER

A. The terms and provisions of this Order shall be binding on the parties and their counsel as of the date on which the last party signs ("Effective Date"). Any violation of the terms and provisions of this Order which may occur between the Effective Date and the date of the Court's signature shall be subject to sanctions and penalties as if the Order had been signed and entered by this Court.

B. This Order and all obligations shall survive the final resolution of this litigation (including any appellate proceedings). Within sixty (60) days of the conclusion of this action, including any appeals, all "Confidential" or "Highly Confidential" information furnished pursuant to the terms of this Order, any drawings related to and notes taken from said information, and all copies thereof which are not in the custody of this Court or which are not an exhibit or attachment to any pleading filed in this action, shall be either:

   (1)   returned to the party furnishing such information; or

   (2)   destroyed by the party in possession of such information, such party shall also certify to the furnishing party in an affidavit that the information has been destroyed.

C. Notwithstanding the foregoing, outside counsel for each party may retain one paper copy and one electronic copy of all pleadings, motion papers, discovery responses, depositions and trial transcripts, exhibits, legal memoranda, correspondence, attorney work product, and any other documents related to this litigation, provided said attorney and the employees of said attorney shall not disclose such "Confidential" or "Highly Confidential" information to another party absent subpoena, pursuant to a written agreement with the disclosing party, or as compelled by law. Nothing in this Order requires the return or destruction of attorney work product or attorney-client communications of any party that is maintained and stored by outside counsel in the regular course of business. All of the above materials shall remain subject to the terms of this Order.

D. "Confidential" or "Highly Confidential" information produced by any party to this action is to be used in this action only. Prompt written notice shall be given to any party who produced "Confidential" or "Highly Confidential" information hereunder in the event that party's "Confidential" or "Highly Confidential" information is sought by any person not a

party to this litigation, by subpoena in another action or by service with any legal process. Upon receipt of any subpoena for such information, the party receiving the subpoena shall immediately notify outside counsel for the producing or designating party of the subpoena so as to allow the producing or designating party an opportunity to contest the subpoena. Any person seeking such "Confidential" or "Highly Confidential" information who takes action to enforce such subpoena or other legal process shall be apprised of this Protective Order. Nothing herein shall be construed as requiring anyone covered by this Protective Order to contest a subpoena or other process, to appeal any order requiring production of "Confidential" or "Highly Confidential" information covered by this Protective Order or to subject itself to penalties for non-compliance with any legal process or order.

## V. OTHER PROCEEDINGS

By entering this order and limiting the disclosure of information to this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "Confidential" or "Highly Confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

## VI. AMENDMENT OF THE PROTECTIVE ORDER

A. All notices required by this Order may be served by e-mail, facsimile, overnight courier or regular mail. The date by which a party receiving a notice shall respond, or otherwise take action, shall be computed from the date that the notice was received in the

office of counsel. Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the producing or designating party.

B. Upon notice or motion, this Court may make such further orders and directions as it deems appropriate or necessary concerning the subject matter of this Order, including, without limitation, orders modifying, extending, limiting or vacating any or all of its provisions.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Plaintiffs*
*Daiichi Sankyo, Inc. and Genzyme Corporation*

OF COUNSEL:

Joseph M. O'Malley, Jr.
Bruce M. Wexler
Preston K. Ratliff II
Anthony Michael
Isaac S. Ashkenazi
PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 East 55th Street
New York, NY 10022
(212) 318-6000

*Attorneys for Plaintiff Daiichi Sankyo, Inc.*

Scott K. Reed
Filko Prugo
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104
(212) 218-2100

*Attorneys for Plaintiff Genzyme Corporation*


PHILLIPS, GOLDMAN & SPENCE, P.A.


*/s/ Megan C. Haney*
John C. Phillips, Jr. (#110)
Megan C. Haney (#5016)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200

*Attorneys for Defendant Impax Laboratories, Inc.*

OF COUNSEL:

James F. Hurst
Maureen L. Rurka
Kevin E. Warner
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
(312) 558-5600

*Attorneys for Defendant Impax Laboratories, Inc.*

POTTER ANDERSON & CORROON LLP


*/s/ David E. Moore*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
1313 North Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Lupin Ltd. and Lupin Pharmaceuticals, Inc.*

OF COUNSEL:

William A. Rakoczy
Paul J. Molino
Deanne M. Mazzocki
Tara Raghavan
RACKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street
Suite 500
Chicago, IL 60654
(312) 222-6301

*Attorneys for Lupin Ltd. and Lupin Pharmaceuticals, Inc.*


MORRIS JAMES LLP


*/s/ Mary B. Matterer*
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
500 Delaware Avenue – Suite 1500
Wilmington, DE 19801
(302) 888-6800

*Attorneys for Glenmark Generics Inc., USA, Glenmark Generics Ltd. and Glenmark Pharmaceuticals, Ltd.*

OF COUNSEL:

H. Keeto Sabharwal
Daniel E. Yonan
Jeremiah B. Frueauf
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
100 New York Avenue, N.W.
Washington, DC 20005
(202) 371-2600

*Attorneys for Glenmark Generics Inc., USA, Glenmark Generics Ltd. and Glenmark Pharmaceuticals, Ltd.*


RICHARDS. LAYTON & FINGER, P.A.


*/s/ Steven J. Fineman*
Frederick L. Cottrell, III (#2555)
Steven J. Fineman (#4025)
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700

*Attorneys for Defendants Watson Pharmaceuticals, Inc., Watson Laboratories. Inc. (NV), and Watson Pharma, Inc.*

OF COUNSEL:

John L. North
Jeffrey J. Toney
Darcy L. Jones
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1360 Peachtree Street, N.E., Suite 1150
Atlanta, Georgia 30309
(404) 260-6080

Norman E.B. Minnear
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
(212) 506-1700

*Attorneys for Defendants Watson Pharmaceuticals, Inc., Watson Laboratories. Inc. (NV), and Watson Pharma, Inc.*

So Ordered:

Dated: _____  _____

4265629

Honorable Ann Marie Donio

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAIICHI SANKYO, INC., and GENZYME CORPORATION, <br>                Plaintiffs, <br><br> v. <br><br> IMPAX LABORATORIES, INC. et al., <br><br>                Defendants. | ) <br> ) <br> ) <br> )    C.A. No. 10-32 (NLH)(AMD) <br> )    CONSOLIDATED <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## UNDERTAKING

In consideration of the disclosure to me of certain information that is subject to a Protective Order of this Court, I agree as follows:

1. I have read the Protective Order in this case and agree to be bound by its terms.

2. I understand that if I violate the terms of the Protective Order, I may be subject to an enforcement proceeding before this Court.

3. I agree to submit myself to the personal jurisdiction of this Court in connection with any proceeding concerning the Protective Order.

4. I understand that all "Confidential" and "Highly Confidential" information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information. For the avoidance of doubt, the "Confidential" or "Highly Confidential" information shall only be used in connection with this litigation and no other litigation and shall not be used in any other proceeding or citizen's petition before any federal, state, or foreign agency, including but not limited to the U.S. Food and Drug Administration and/or the United States Patent and Trademark Office, without the express written consent of the producing or designating party. Also for the avoidance of doubt, information derived from "Confidential" and "Highly Confidential" information, including summaries, digests, analyses, and other records of such information and any testing or test

results of product samples shall contain the same designation as the information from which it was derived, shall also be used only for purposes of this litigation, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided. All produced "Confidential" or "Highly Confidential" information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

5. I understand that unauthorized disclosure of any designated Confidential or Highly Confidential information or its use for any purpose other than this litigation may constitute contempt of this Court and may subject me to sanctions or other remedies that may be imposed by the Court and/or potential liability in a civil action for damages by the producing or designating party.

Dated: _____     Name: _____

                              Address: _____

                                       _____

                                       _____