IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAIICHI SANKYO, INC. and GENZYME CORPORATION,<br><br>    Plaintiffs,<br><br>    v.<br><br>WATSON PHARMACEUTICALS, INC., WATSON PHARMA, INC. and WATSON LABORATORIES, INC. (NV),<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 11-74 (NLH) (AMD)<br>)<br>)<br>)<br>)<br>)<br>) |

**DAIICHI SANKYO, INC. AND GENZYME CORPORATION'S
ANSWER TO THE FIRST AMENDED COUNTERCLAIMS
OF WATSON LABORATORIES, INC. (NV)**

Plaintiffs Daiichi Sankyo, Inc. and Genzyme Corporation (collectively, "Plaintiffs") answer the Amended Counterclaims of Defendant Watson Laboratories, Inc. (NV) ("Watson Labs"), using the paragraph numbers used by Watson Labs, Watson Pharmaceuticals, Inc. and Watson Pharma Inc. (collectively, "Watson" or "Defendants") in their "Answer and Defenses to First Amended Complaint and Watson Laboratories, Inc. (NV)'s First Amended Counterclaims," dated May 5, 2011.

To the extent any of paragraphs 1-52 of Defendants' Answer are determined in whole or in part to state counterclaims or the basis for counterclaims, Plaintiffs incorporate by reference paragraphs 1-52 of their First Amended Complaint, and deny each and every additional averment contained in Defendants' paragraphs 1-52 contrary to the averments in Plaintiffs' First Amended Complaint.

To the extent any paragraphs of Defendants' Defenses are determined to state counterclaims, each and every one of the averments therein is denied, except to the extent admitted in Plaintiffs' responses to paragraphs 1-30 below.

## WATSON LABS' AMENDED COUNTERCLAIMS

1. Plaintiffs admit the averments of paragraph 1 of the Amended Counterclaims upon information and belief.

2. Plaintiffs admit the averments of paragraph 2 of the Amended Counterclaims.

3. Plaintiffs admit the averments of paragraph 3 of the Amended Counterclaims.

4. Plaintiffs admit the averments of paragraph 4 of the Amended Counterclaims.

5. Plaintiffs admit the averments of paragraph 5 of the Amended Counterclaims.

6. Plaintiffs admit the averments of paragraph 6 of the Amended Counterclaims.

7. Plaintiffs admit the averments of paragraph 7 of the Amended Counterclaims upon information and belief.

8. Plaintiffs admit that they filed their Complaint and First Amended Complaint in this Court alleging, *inter alia*, that Defendants infringe United States Patent No. 5,693,675 ("the '675 patent"), and hereby reassert and reallege each and every averment contained in the First Amended Complaint as if fully set forth herein.

9. Plaintiffs admit that there is now an actual and justiciable controversy between them and Defendants concerning the '675 patent. Except as admitted, Plaintiffs deny the averments of paragraph 9 of the Amended Counterclaims.

10. Plaintiffs admit that they filed their First Amended Complaint in this Court alleging, *inter alia*, that Defendants infringe United States Patent No. 5,607,669 ("the '669 patent"), and hereby reassert and reallege each and every averment contained in the First Amended Complaint as if fully set forth herein.

11. Plaintiffs admit that there is now an actual and justiciable controversy between them and Defendants concerning the '669 patent. Except as admitted, Plaintiffs deny the averments of paragraph 11 of the Amended Counterclaims.

## JURISDICTION AND VENUE

12. Plaintiffs admit that Watson Labs alleges subject matter jurisdiction under various sections of Title 28 of the United States Code. Except as admitted, Plaintiffs deny the averments of paragraph 12 of the Amended Counterclaims.

13. Plaintiffs admit that Watson Labs alleges that this Court may "declare the rights and other legal relations" of the parties under various sections of Title 28 of the United States Code. Plaintiffs also admit that there is now an actual and justiciable controversy between them and Defendants concerning the '675 and '669 patents. Except as admitted, Plaintiffs deny the averments of paragraph 13 of the Amended Counterclaims.

14. Plaintiffs admit that for the purpose of this action venue is proper in this judicial district.

## FIRST AMENDED COUNTERCLAIM

15. Plaintiffs reassert and reallege their averments set forth above in response to paragraphs 1-14 of the Amended Counterclaims and incorporate them by reference. Plaintiffs also reassert and reallege their averments set forth in paragraphs 1-52 of their First Amended Complaint in response to paragraphs 1-52 of Defendants' Answer to First Amended Complaint and incorporate them by reference.

16. Plaintiffs admit that there is now an actual and justiciable controversy between them and Defendants concerning the '675 patent. Except as admitted, Plaintiffs deny the averments of paragraph 16 of the Amended Counterclaims.

17. Plaintiffs deny the averments of paragraph 17 of the Amended Counterclaims.

18. Plaintiffs deny the averments of paragraph 18 of the Amended Counterclaims.

## SECOND AMENDED COUNTERCLAIM

19. Plaintiffs reassert and reallege their averments set forth above in response to paragraphs 1-18 of the Amended Counterclaims and incorporate them by reference. Plaintiffs also reassert and reallege their averments set forth in paragraphs 1-52 of their First Amended Complaint in response to paragraphs 1-52 of Defendants' Answer to First Amended Complaint and incorporate them by reference.

20. Plaintiffs admit that there is now an actual and justiciable controversy between them and Defendants concerning the '669 patent. Except as admitted, Plaintiffs deny the averments of paragraph 20 of the Counterclaims.

21. Plaintiffs deny the averments of paragraph 21 of the Amended Counterclaims.

22. Plaintiffs deny the averments of paragraph 22 of the Amended Counterclaims.

### THIRD AMENDED COUNTERCLAIM

23. Plaintiffs reassert and reallege their averments set forth above in response to paragraphs 1-22 of the Amended Counterclaims and incorporate them by reference. Plaintiffs also reassert and reallege their averments set forth in paragraphs 1-52 of their First Amended Complaint in response to paragraphs 1-52 of Defendants' Answer to First Amended Complaint and incorporate them by reference.

24. Plaintiffs admit that there is now an actual and justiciable controversy between them and Defendants concerning the '675 patent. Except as admitted, Plaintiffs deny the averments of paragraph 24 of the Amended Counterclaims.

25. Plaintiffs deny the averments of paragraph 25 of the Amended Counterclaims.

26. Plaintiffs deny the averments of paragraph 26 of the Amended Counterclaims.

### FOURTH AMENDED COUNTERCLAIM

27. Plaintiffs reassert and reallege their averments set forth above in response to paragraphs 1-26 of the Amended Counterclaims and incorporate them by reference. Plaintiffs also reassert and reallege their averments set forth in paragraphs 1-52 of their First Amended Complaint in response to paragraphs 1-52 of Defendants' Answer to First Amended Complaint and incorporate them by reference.

28. Plaintiffs admit that there is now an actual and justiciable controversy between them and Defendants concerning the '669 patent. Except as admitted, Plaintiffs deny the averments of paragraph 28 of the Counterclaims.

29. Plaintiffs deny the averments of paragraph 29 of the Amended Counterclaims.

30. Plaintiffs deny the averments of paragraph 30 of the Amended Counterclaims.

## PRAYER FOR RELIEF

Plaintiffs request:

a. An order dismissing Watson Labs' Amended Counterclaims with prejudice and adjudging that Watson Labs is not entitled to the relief sought, or any other relief, in Defendants' Answer and Defenses to First Amended Complaint and Watson Labs' Amended Counterclaims; and

b. This Court award Plaintiffs the relief prayed for in their First Amended Complaint.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Plaintiffs Daiichi Sankyo, Inc. and Genzyme Corporation*

6

OF COUNSEL:

Joseph M. O'Malley, Jr.
Bruce M. Wexler
Preston K. Ratliff II
Anthony Michael
Isaac S. Ashkenazi
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
75 East 55th Street
New York, NY 10022
(212) 318-6000

*Attorneys for Plaintiff*
*Daiichi Sankyo, Inc.*

Scott K. Reed
Filko Prugo
Donald J. Curry
Brian D. O'Reilly
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104
(212) 218-2100

*Attorneys for Plaintiff*
*Genzyme Corporation*

May 23, 2011
4279649

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

> Frederick L. Cottrell, III, Esquire
> Steven J. Fineman, Esquire
> RICHARDS, LAYTON & FINGER, P.A.

I further certify that I caused copies of the foregoing document to be served on May 23, 2011, upon the following in the manner indicated:

| | |
|---|---|
| Frederick L. Cottrell, III, Esquire<br>Steven J. Fineman, Esquire<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE  19801 | *VIA  ELECTRONIC MAIL* |
| John L. North, Esquire<br>Jeffrey J. Toney, Esquire<br>Darcy L. Jones, Esquire<br>SUTHERLAND ASBILL & BRENNAN LLP<br>999 Peachtree Street, N.E.<br>Atlanta, GA  30309 | *VIA ELECTRONIC MAIL* |
| Norman E.B. Minnear, Esquire<br>SUTHERLAND ASBILL & BRENNAN LLP<br>Grace Building<br>1114 Avenue of the Americas<br>40th Floor<br>New York, NY  10036-7703 | *VIA ELECTRONIC MAIL* |

*/s/ Rodger D. Smith II*
_____
Rodger D. Smith II